IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on June 5, 2007

**STATE OF TENNESSEE v. MARCUS R. LEWIS**

**Direct Appeal from the Circuit Court for Chester County**
**No. 05-326    Roy B. Morgan, Jr., Judge**

_____

**No. W2006-02579-CCA-R3-CD  - Filed November 2, 2007**

_____

The defendant, Marcus R. Lewis, appeals the revocation of his alternative sentence. He argues that there was insufficient evidence to conclude he committed a new offense while on community corrections, that he failed to complete his community service work, and that he failed to report his new arrest. We conclude the State proved by a preponderance of the evidence that, while on community corrections, the defendant was arrested for a new law violation and that the defendant failed to complete his community service requirements. We affirm the judgment revoking the defendant's alternative sentence.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which ALAN E. GLENN and J.C. MCLIN, JJ., joined.

George Morton Googe, District Public Defender, and Kandi Kelley, Assistant Public Defender, for the appellant, Marcus R. Lewis.

Robert E. Cooper, Jr., Attorney General and Reporter; Brent C. Cherry, Assistant Attorney General; James G. (Jerry) Woodall, District Attorney General; and Jody S. Pickens, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

In August 2005, the defendant entered a guilty plea to two counts of aggravated burglary and two counts of theft of property between $1000 and $10,000. He received a total effective sentence of six years and was placed on community corrections. Subsequently, the defendant's Community Corrections was revoked and was to be reinstated after serving twenty days in the county jail.

The instant violation warrant was issued against the defendant for failure to (1) remain arrest free, (2) maintain full-time employment, (3) remain within the 26th Judicial District, (4) pay supervision fees, and (5) complete community service work.

A revocation hearing was held. The first witness called by the State was the victim of the aggravated burglary and theft charges that allegedly occurred while the defendant was on community corrections. The victim testified that he lived in McNairy County, Tennessee, and that, upon returning to his home on September 11, 2006, he found both windows in his kitchen had been "pried open." He immediately called the police. He discovered that the following items were missing from his home: money, a Bowie-type knife, a single shot .22 pistol, a camera, a BB gun, and two gasoline cans. The victim testified that he found a piece of green paper with the defendant's name written on it lying on the floor in the kitchen. The paper was made an exhibit and was placed into evidence. The victim does not know the defendant. The victim agreed that the charges against the defendant would be dismissed after payment of restitution.

Next, the State called Sergeant David Heathcock of the McNairy County Sheriff's Department. Sergeant Heathcock, who had responded to the victim's call and observed the open window, identified the piece of green paper. The Sergeant testified that he did not know the defendant and that no fingerprints or DNA was recovered. He stated that the only clue was the piece of green paper containing the defendant's name.

Jamie Hurst,[1] who testified that she was employed with Chester County Community Corrections and was assigned to supervise the defendant, identified him in court. As relates to the defendant's failure to complete his community service work, Ms. Hurst testified that he was obligated to perform approximately 250 hours of community service, with a minimum of eight hours per month, and that he had only reported between 22 and 34 hours during the period between February 2006 and November 2006. Ms. Hurst identified the piece of green paper (Exhibit 1) as an appointment slip given to the defendant from her on September 1, 2006.

The defendant testified he would not argue with the hours of community service work reported by Mrs. Hurst because he did not keep a record of the hours and stated that he was unaware that he had not completed the required number of hours. He offered no explanation as to how the appointment slip (Exhibit 1) came to be in the defendant's home but simply said, "I didn't do it."

After the hearing, the trial court found that the defendant had failed to complete the required number of hours of community service work, had failed to report his latest arrest to his supervising officers within the proper time, and had violated the law while on release, to wit: a burglary in McNairy County.

---

[1] Although Ms. Hurst testified to additional matters that might have resulted in violations, we only include testimony related to the issues in this appeal.

Analysis

A trial court may revoke an alternative sentence and order the imposition of the original sentence upon a finding by a preponderance of the evidence that the person has violated a condition of their sentence. T.C.A. §§ 40-35-310, -311. The decision to revoke the alternative sentence rests within the sound discretion of the trial court. State v. Mitchell, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991). Revocation of probation and a community corrections sentence are subject to an abuse of discretion standard of review rather than a de novo standard. State v. Harkins, 811 S.W.2d 79, 82 (Tenn. 1991). Discretion is abused only if the record contains no substantial evidence to support the conclusion of the trial court that a violation of probation or community corrections sentence has occurred. Id.; State v. Gregory, 946 S.W.2d 829, 832 (Tenn. Crim. App. 1997). Proof of a violation need not be established beyond a reasonable doubt, and the evidence needs only show that the trial judge exercised a conscientious and intelligent judgment rather than acted arbitrarily. Gregory, 946 S.W.2d at 832; State v. Leach, 914 S.W.2d 104, 106 (Tenn. Crim. App. 1995).

Here, the record reflects that the defendant violated his sentence because he was arrested for a new law violation and failed to complete his community service requirements. The record shows that there was sufficient evidence to support the trial court's conclusion that the defendant violated the terms of his release and that the defendant's revocation was not an abuse of the court's discretion. Therefore, we affirm the revocation of the defendant's sentence.

Conclusion

Based on the foregoing and the record as a whole, we affirm the judgment from the trial court.

_____
JOHN EVERETT WILLIAMS, JUDGE